## Yope v. Minnici

*Albert A. Torrence,* for plaintiff.
*Ahmed T. Aziz,* for defendant.

REED, *P.J.,* July 21, 1988 — Before the court is defendant's preliminary objections to plaintiff's complaint in an action to quiet title.

The underlying facts are these: An undeveloped parcel of land was conveyed by general warranty deed to the parties as joint tenants with the right of survivorship. At the time of the conveyance, the parties were engaged to be married, but three months later they terminated their engagement. Plaintiff now seeks to enjoin defendant from asserting any adverse claims to his title.

Defendant filed preliminary objections alleging that the cause of action arose out of a breach of the contract to marry and is, therefore, barred by the Heart Balm Act. She also alleges that plaintiff violated Pennsylvania Rules of Civil Procedure by failing to attach the deed to the property to the complaint.

## The Heart Balm Act

The question defendant raises in her preliminary objections is whether plaintiff's cause of action is barred by the Heart Balm Act (Act of June 22, 1935, P.L. 450, 48 P.S. §171) which provides:

"All causes of action for breach of contract to marry are hereby abolished: Provided, however, that this section shall not apply to contracts now existing or to causes of action which heretofore accrued."

Plaintiff citing *Ferraro v. Singh*, 434 Pa. Super. 576, 495 A.2d 946 (1985), argues that the act does not bar all causes of action and that, because an action to quiet title is not an action based on breach of a contract to marry, it is not barred.

In *Ferraro* a woman sought reimbursement for wedding-related expenditures after her fiance married another woman. The court denied recovery because plaintiff's claim was based on the breach of the contract to marry and that the cause of action was barred by the Heart Balm Act.

The court also noted that the action could have proceeded had it been based on the right to the re-

turn of a gift made on the condition of marriage. This common law theory of recovery rests on an implied condition, i.e., if a gift is given in contemplation of marriage, the gift is not final until the wedding takes place; if no wedding occurs, the gift is subject to being returned to the donor based on failure of the condition subsequent. *Id.*

In the case at bar the property in question was deeded to the parties as joint tenants because they intended to marry. When the marriage did not take place, plaintiff claimed sole ownership of the property. Plaintiff has not alleged the existence of a contract other than the contract to marry, nor has he alleged that defendant's interest in the property arose from a conditional gift to her.

While an action to quiet title is not, of itself, based on breach of a contract to marry, the parties' agreement to marry and their subsequent breach of that agreement form the basis of this case. Because that cause of action is statutorily barred, defendant's preliminary objection must be sustained.

## PROCEDURE

Rule 1065 deals specifically with actions to quiet title. It requires that the complaint contain a description of the land. Here, the complaint contains a metes and bounds description of the property. This is sufficient under the rules.

## ORDER

Now, July 21, 1988, having determined that plaintiff's cause of action arose out of breach of a marriage contract and is, therefore, barred by 48 P.S. §171, defendant's preliminary objection is hereby sustained and the complaint dismissed.